The Honorable Mike Todd State Representative 333 W. Court Street Paragould, Arkansas 72450
Dear Representative Todd:
This is in response to your request for an opinion regarding public facility boards. Specifically, you note that A.C.A. §§14-137-101—123 provide for the creation of public facility boards by municipalities and counties. You also indicate that the new Act 1091 of 1991, codified at A.C.A. §§ 26-74-501—505 (Adv. Code Serv. 1992-93), authorizes the levy of a hotel and restaurant tax to be used to satisfy bonded indebtedness created by a public facilities board.
Your two specific questions regarding these laws are as follows:
 1. May the public facility board mentioned and empowered in Act 1091 of 1991 (A.C.A. § 26-74-501, et seq.) be a public facility board created by a municipality as provided for in A.C.A. § 14-137-106?
 2. May a municipality create a public facility board for the purpose of operating under Act 1091 of 1991 (A.C.A. § 26-74-501, et seq.) even though the project which is to be the subject of the bonded indebtedness lies outside the corporate limits of the creating municipality?
As additional background information for your questions, you indicate that there is significant interest in Greene County for the construction of a fishing lake outside the corporate limits of the City of Paragould, and a question has arisen as to whether the City of Paragould could create a public facilities board which could operate under Act 1091 of 1991.
It is my opinion that the answer to your first question is "no;" and therefore an answer to your second question is unnecessary.
Section 1 of Act 1091 of 1991, which is codified at A.C.A. §26-74-501 (Adv. Code Serv. 1992), provides as follows:
 Any county which does not levy a tax under § 14-20-112, county gross receipts tax on hotels and restaurants, and in which there is not located a city which levies a tax under § 26-75-602 or § 26-75-701
may, by either an ordinance of the county quorum court, or through petition pursuant to § 26-74-502(a),[1] levy a tax in the amount necessary for the payment of bonds issued or indebtedness incurred by the county public facilities board for the purposes prescribed in this subchapter. [Emphasis added.]
The "purposes prescribed in this subchapter" are set out at A.C.A. § 26-74-504 as being the "providing [of] all or part of the funds for the construction, reconstruction, extension, equipment, acquisition, or improvement of wildlife management areas or public recreational facilities, including funds used to match federal funds or to purchase land for the construction of fishing lakes or wildlife managements areas by the Arkansas State Game and Fish Commission."
The statute above, however, authorizes only county action, or action on the part of the electors of a county, and does not authorize the levy of any tax by a municipality. The act clearly provides for the levy of a tax to pay indebtedness incurred by "the county public facilities board." See A.C.A. § 26-74-501
and A.C.A. § 26-74-504. The act does not authorize the levy of any tax to pay indebtedness incurred by a municipal public facilities board.
It is therefore my opinion that the answer to your first question is "no," and that an answer to your second follow-up question is unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] This subsection provides that the quorum court shall submit the question of the levying of the tax authorized by the subchapter at an election if petitions are filed signed by not less than five hundred electors of the county requesting such an election.